Filed 7/13/21  Serrano v. Stater Bros. Markets CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JOE J. SERRANO, | B304783 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC672450) |
| v. | |
| STATER BROS. MARKETS, et. al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard J. Burdge, Judge.  Affirmed.

Joe J. Serrano, self-represented litigant, Plaintiff and Appellant.

Varner & Brandt, Brendan W. Brandt and John M. Soliman, and for Defendants and Respondents.

_____

## *INTRODUCTION*

Plaintiff and appellant Joe J. Serrano appeals following the trial court's grant of summary judgment disposing of his employment discrimination lawsuit against defendants Stater Bros. Markets and Alicia Campos. We affirm.

## *DISCUSSION*

Appellant's three-page opening brief fails to make a coherent argument, or cite the record and applicable law. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with argument and citations to authority, we treat the point as waived."].) The opening brief does attach certain documents but there is nothing that demonstrates these documents were before the court when it ruled on the summary judgment motion. Appellant also filed a reply brief but it is limited to a description of difficulties faced by appellant as a self-represented litigant (difficulties which we understand) and understandable allegations about his objection to being called various racist names. Again, none of these matters is contained in the limited record of the trial court proceedings that appellant filed with this court.

The record appellant furnished this court contains little more than the judgment entered by the trial court, and is lacking the summary judgment motion and related documents necessary for us to evaluate the trial court's ruling. It is "a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018)

5 Cal.5th 594, 608–609.)  "Consequently, [the appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  We therefore affirm the judgment in all respects.

### *DISPOSITION*

The judgment is affirmed.  Defendants and respondents Stater Bros. Markets and Alicia Campos are awarded their costs on appeal.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



MOOR, J.

3